## N. Y. SUPERIOR COURT.

ELIZABETH A. COCKEY, *et al.,* agt. FREDERICK A. HURD.

Section 401 of the Code does not authorize an application for a reference to take the deposition of a *party* to the action under that section.

*Special Term, May,* 1872.

THIS is an application on the part of the defendant to set aside an order of reference granted herein to take defendant's affidavit, under section 401 of the Code of Procedure.

CHARLES C. BIGELOW, *for motion.*

CURTIS, J.—The Code provides that, "where any party intends to make, or appeal, a motion in any court of record, and it shall be necessary for him to have the affidavit of any person who shall have refused to make the same, such court may, by order, appoint a referee to take the affidavit or deposition of such person."

It is urged by the defendant, that the words, any person, in the 7th subd. of § 401, do not embrace the parties, or either of them, to a suit, and that it was not intended to apply to them. Section 389 of the Code is cited as expressly limiting the examination of a party, except as prescribed in chapter 6th of the Code. The plaintiffs claim, that the 7th subd. of § 401, was added by the legislature in 1862, and has the effect of removing the restriction if any, in section 389, and that it was the intention of the legislature to remove all barriers in the way of taking the depositions of parties as well as witnesses, thus giving effect to the prevailing public sentiment in favor of removing every restriction.

I think, if the legislature had intended, that the affidavits of parties might be taken in this manner, they would have clearly expressed it, and so far modified the restriction in section 389, that it would not apply. While the right to examine an adverse party in respect to the issues in an action is given, it seems rather to be the intention of the legislature, and was justly, that it should be confined to that, and not extended to motions arising in the progress of a cause. As a matter of public policy, it might be a serious question, how far a party should be subjected to be examined upon every motion that might be made in a cause, for the purpose of procuring his deposition or affidavit.

The views expressed by the learned judge in *Hodgkin* agt. *Attlan. Pacfi. R.R. Co.*, (5 *Abb. N. S..* 73), appear to present the true interpretation of the section, and in accordance with the decision in that case, the motion of the defendant herein to vacate the order of reference granted to take the defendant's affidavit, should be granted, but without costs to either party.